**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

| | |
|---|---|
| In the Matter of the Complaint of<br>DAVID ATKINSON and DAVID<br>ATKINSON d/b/a ALLSTAR MARINE<br>& POWERSPORTS, Owner of a 2019<br>Sea-Doo Fish Pro with Hull<br>Identification No. YDV10275L819<br>For Exoneration From or Limitation<br>of Liability,<br>　　　　　　　　　Plaintiff. | Case No.  21-cv-00044<br>Hon.<br><br><br>In Admiralty |

**COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

Plaintiff, DAVID ATKINSON and DAVID ATKINSON d/b/a ALLSTAR MARINE & POWERSPORTS (collectively, "ATKINSON"), Owner of a 2019 Sea-Doo Fish Pro with Hull Identification No. YDV10275L819 ("the Vessel"), by his attorneys, Robert L. Reeb (admission pending) and Shari L. Friedman (admission pending) of Marwedel, Minichello & Reeb, P.C. and Paul D. Galea and Adam P. Sadowski of  Gallagher Sharp, LLP, and for his Complaint seeking exoneration from or limitation of liability, states as follows:

1.　　This is an admiralty action for exoneration from or limitation of liability, brought pursuant to 46 U.S.C. § 30501 et seq.  and the various statutes, rules and regulations relating thereto. This Court has jurisdiction pursuant to 28 U.S.C. § 1333 because this is a case of admiralty and maritime jurisdiction, as is more fully set forth herein, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.　　Venue in this district is proper pursuant to the provisions of 28 U.S.C. § 1391(a)(2), because the incident which gives rise to this action occurred within this district, and the Vessel is located in this district.

1

3. ATKINSON is a resident of the State of Michigan, County of Chippewa, and at all times relevant hereto was the owner of the Vessel. The Vessel is titled in the name of ALLSTAR MARINE & POWERSPORTS; DAVID ATKINSON does business as ALLSTAR MARINE & POWERSPORTS.

4. The Vessel is a 2019 Sea-Doo Fish Pro with Hull Identification No. YDV10275L819. At all relevant times, the Vessel was being operated on the navigable waters of the United States, including the St. Mary's River.

5. Prior to and at the commencement of the voyage involved herein, ATKINSON used due diligence to make the Vessel in all respects seaworthy, and the Vessel was, at all times mentioned herein, tight, staunch and strong, efficiently and properly manned, equipped and supplied, and in all respects seaworthy and fit for the service in which she was engaged.

6. On July 25, 2020, the Vessel was being operated by William Atkinson, known personally to ATKINSON to be an experienced vessel operator, to operate her upon the waters of the St. Mary's River in and around Sault Saint Marie, Michigan.

7. On the evening of July 25, 2020, while the Vessel was being operated by William Atkinson on the St. Mary's River near Harvey Marina, it collided with a pontoon boat at or near the starboard bow of the pontoon boat (the "Occurrence").

8. One or more passengers aboard the pontoon boat allegedly suffered minor to serious injuries; other passengers aboard the pontoon boat may also have suffered injuries as a result of the Occurrence.

9. The pontoon boat may have been damaged in the collision.

10. There have been no demands asserted against ATKINSON and/or the Vessel. There are no civil actions or proceedings pending against ATKINSON and/or the Vessel,

wherein any party seeks an award of damages.

11.     By letter dated September 18, 2020, Attorney Bradley Harris of Harris Altman Injury Lawyers wrote the ATKINSON's insurer to advise that he represented pontoon boat passengers Jacquelyn Plastino and Heidi Rintamaki for damages arising out of the Occurrence.

12.     The Occurrence, the personal injuries allegedly sustained by Jacquelyn Plastino and Heidi Rintamaki, damage to the pontoon boat, if any, and any other damages or losses sustained by anyone involved in or as a result of the Occurrence, occurred without the fault, privity and/or knowledge, and design and/or neglect of ATKINSON, the owner of the Vessel, and said injuries, losses, and damages were not caused by any negligence, neglect or lack of due care on the part of ATKINSON, or by any failure of ATKINSON to exercise due diligence to make the Vessel seaworthy, but rather, said injuries, losses and damages resulted solely from the negligence, misconduct and fault of other persons for whom ATKINSON was not responsible.

13.     Any injuries, losses and damages that occurred to any persons or property as a result of the Occurrence, including any injuries, losses and damages that any person alleges they may have sustained as a result of the Occurrence, and for which claims may be made, were occasioned and incurred without the privity and knowledge of ATKINSON in that (a) they were occasioned by the navigation of the vessels involved, neither of which ATKINSON was piloting and neither of which ATKINSON was aboard at the time of the Occurrence; (b) ATKINSON was not near either vessel at or near the time of the Occurrence, and did not observe, and was not in a position to observe, either vessel in operation prior to or at the time of the Occurrence; (c) in advance of the Occurrence, ATKINSON was unaware, and had no reason to anticipate, that a navigational error by anyone might occur; (d) the person piloting the Vessel at the time of the collision was fully qualified to operate such a vessel; and (e) ATKINSON's conduct was in all

respects prudent and did not improperly put into motion or proximately cause the Occurrence.

14. ATKINSON is not liable to Jacquelyn Plastino and Heidi Rintamaki, or any other passenger(s) and/or crew of the pontoon boat, and/or the owner or operator of the pontoon boat, or any other individual or entity, for any injuries, losses, or damages done, occasioned, incurred or resulting by reason of the Occurrence, and ATKINSON claims exoneration from liability for all such injuries and damages.

15. Alternatively, without admitting, but rather affirmatively denying any liability, ATKINSON also believes that the claims that may be asserted against him and the Vessel as a result of the Occurrence which is described herein will exceed ATKINSON's interest in the Vessel and therefore, should any liability be found against ATKINSON, ATKINSON is entitled to and claims the benefit of limitation of liability as provided by 46 U.S.C. §§ 30501-30512, and all acts amendatory thereof and supplemental thereto, with respect to any and all claims which may be made and proven.

16. The Vessel was not lost or abandoned as a result of the Occurrence but is believed to have been damaged beyond repair, resulting in a total constructive loss. It is believed that the value of the Vessel after the Occurrence is $0.00. (See Exhibit A – Declaration of David Atkinson).

17. In that the Vessel was a personal pleasure craft, there was no freight earned or pending at the time of the Occurrence.

18. ATKINSON has identified as potential claimants the following: Jacquelyn Plastino; Heidi Rintamaki; Bryan Rintamaki; Nate Cruz; Alecia Stephens; the owner and/or operator of the pontoon boat; and ATKINSON as a possible counterclaimant for contribution.

19. ATKINSON anticipates that the total value of the claims which may be asserted

by the potential claimants will exceed his interest in the Vessel.

20. Subject to final appraisal of the interests of ATKINSON in the Vessel, whenever such final appraisal may be ordered by this Court or on the application of any proper party of interest, ATKINSON offers an Ad Interim Stipulation in the sum of $0.00, said sum being the aggregate interest of ATKINSON in the Vessel after the Occurrence of July 25, 2020, and the amount which shall be the maximum of any damages that may be recoverable by any and all claimants against ATKINSON, if any, as well as a Stipulation of Costs in the sum of $250.00 as security for costs, filed contemporaneously herewith as provided by Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

21. This Complaint for Exoneration From or Limitation of Liability is filed within six (6) months after the first written notice of claim from any claimant that may have been tendered; accordingly, this Complaint for Exoneration From or Limitation of Liability is timely filed.

WHEREFORE, Plaintiff, DAVID ATKINSON and DAVID ATKINSON d/b/a ALLSTAR MARINE & POWERSPORTS, requests that:

A. Pursuant to the applicable law, rules and procedures governing limitation of liability actions, the Court enter an order approving the Ad Interim Stipulation with respect to the valuation of the Vessel;

B. Pursuant to the applicable law, rules and procedures governing limitation of liability actions, the Court enter an order approving the Stipulation of Costs;

C. Pursuant to the applicable law, rules and procedures governing limitation of liability actions, the Court enter an order directing issuance of Notice of the Complaint and Monition to all persons possessing or claiming to possess a claim for any and all injuries,

damages or other losses done, occasioned or incurred by, or resulting from the aforesaid Occurrence, compelling them to appear before this Court and to file and make due proof of their respective claim and also to appear and answer the allegations of this Complaint, according to the law and practice of this Court at or before a certain time to be fixed in the Notice;

  D. Pursuant to applicable law, rules and procedures governing limitation of liability actions, the Court enter an order enjoining the prosecution and the commencement and prosecution of any and all claims, lawsuits and proceedings of any kind resulting or in any way relating to the aforesaid Occurrence and any and all actions, lawsuits and proceedings of any kind against Plaintiff, DAVID ATKINSON and DAVID ATKINSON d/b/a ALLSTAR MARINE & POWERSPORTS or against the Vessel to recover damages alleged to have been sustained and arising out of or occasioned by the aforesaid Occurrence, except in this proceeding; and

  E. This Court adjudge and find:

  (1) That the Plaintiff, DAVID ATKINSON and DAVID ATKINSON d/b/a ALLSTAR MARINE & POWERSPORTS, is fully exonerated and not liable to any person or entity, to any extent, for any death, injury, damage, loss or claim whatsoever in any way arising out of or in consequence of the Occurrence and the matters set out hereinabove; and

  (2) Alternatively, if the Plaintiff, DAVID ATKINSON and DAVID ATKINSON d/b/a ALLSTAR MARINE & POWERSPORTS, shall be jointly and/or individually judged liable, then said liability and damages to any and all claimants collectively shall be limited to, and not exceed, the amount of the Plaintiff's interests in the Vessel and pending freight ($0.00), and that the Plaintiff, DAVID ATKINSON and DAVID ATKINSON d/b/a ALLSTAR MARINE & POWERSPORTS, is discharged from any and all further liability

collectively to all complaints by the payment of an amount equal to that amount; and

    F.  For such other and further relief as this Court deems proper.

Dated: March 9, 2021

                Respectfully submitted,

                /s/ Paul D. Galea_____
                Paul D. Galea (P29250)
                Adam P. Sadowski (P73864)
                GALLAGHER SHARP, LLP
                211 West Fort Street, Suite 660
                Detroit, MI 48226
                (313) 962-9160 / (313) 962-9167 Fax
                pgalea@gallaghersharp.com
                asadowski@gallaghersharp.com


                Robert L. Reeb (Admission Pending)
                Shari L. Friedman (Admission Pending)
                MARWEDEL, MINICHELLO & REEB, P.C.
                Attorneys for Plaintiff
                303 W. Madison Street, Suite 1100
                Chicago, IL 60606
                (312) 902-1600 / (312) 902-9900 Fax
                rreeb@mmr-law.com
                sfriedman@mmr-law.com

## VERIFICATION

I, DAVID ATKINSON and DAVID ATKINSON d/b/a ALLSTAR MARINE & POWERSPORTS, Owner of the 2019 Sea-Doo Fish Pro with Hull Identification No. YDV10275L819, declare under penalty of perjury that the foregoing Complaint for Exoneration from or Limitation of Liability is true and correct to the best of my knowledge and belief based on the information available to me.

_____
DAVID ATKINSON

Executed on March __5__, 2021.